IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

| | | |
|---|---|---|
| LAURA D. SHELTON, | ) | CASE NO.1:19-CV-00278 |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | REPORT AND RECOMMENDATION |
| | ) | |
| | ) | |
| Defendant. | | |

**Introduction**

Before me[1] is an action by Laura D. Shelton under 42 U.S.C. § 405 seeking judicial review of a decision by the Commissioner of Social Security that denied her application for disability insurance benefits.[2]  The Commissioner has filed an answer.[3]  Pursuant to my procedural orders,[4] a transcript of the administrative proceedings has been filed,[5] the parties have briefed their arguments[6] and they have participated in a telephonic oral argument.[7]

---

[1] The matter was referred to me pursuant to Local Rule 72.2 by United States District Judge Benita Y. Pearson in a non-document order entered on February 2, 2019.
[2] ECF No. 1.
[3] ECF No. 8.
[4] ECF Nos. 5, 10.
[5] ECF No. 9.
[6] ECF Nos. 11 (Shelton), 13 (Commissioner).
[7] ECF No. 16.

For the reasons that follow, I will recommend that the decision of the Commissioner be affirmed.

## Facts

Shelton, who was 48 at the time of the administrative hearing,[8] has a bachelor's degree[9] and was previously employed as a customer service representative in the banking industry.[10] The ALJ found the following severe impairments: thyroid disorder, dysfunction of major joints and lupus.[11] That said, the ALJ concluded that Shelton did not meet or equal Listing 1.02 (major dysfunction of a joint) because she did not have gross anatomical deformity and because she had not established that she was unable to ambulate effectively.[12] Further, the ALJ determined that Shelton did not meet or equal Listing 1.04 (disorders of the spine) because the record did not show "evidence of the type and intensity of nerve root compression, spinal arachnoiditis, or spinal lumbar stenosis necessary to meet or equal this listing."[13]

The ALJ found that Shelton was capable of light work, with certain limitations.[14] In making that finding, the ALJ found that Shelton's testimony as to the intensity, persistence and limiting effects of the pain and/or symptoms arising from her severe impairments were

---

[8] Tr. at 43.
[9] *Id*. at 56.
[10] *Id*. at 42.
[11] *Id*. at 36.
[12] *Id*. at 37.
[13] *Id*.
[14] *Id*.

not substantiated by the objective medical evidence.[15] Among other objective factors, the ALJ cited to: (1) a 2014 x-ray of the lumbar spine showing only mild disc space narrowing and mild degenerative changes; (2) a 2014 MRI of the lumbar spine that was "normal"; and (3) Shelton's obesity, which the ALJ noted was an aggravating factor.[16]

The ALJ also gave great weight to the 2014 opinion of a state agency reviewing source who found Shelton capable of light work, as well as great weight to the 2015 opinion of a second state agency reviewing source who affirmed the 2014 opinion.[17] Moreover, the ALJ noted that none of Shelton's treating physicians had offered an opinion stating that Shelton's symptoms were debilitating such as would preclude her from returning to her former work at a level of exertion such as is described in the category of light work.[18]

A vocational expert testified that Shelton, with the limitations set out in the RFC, could perform her past relevant work as a customer service representative, as well as three other jobs within the national economy.[19] Accordingly, Shelton was found not disabled.[20]

---

[15] *Id*. at 38.
[16] *Id*. at 41.
[17] *Id*.
[18] *Id*. at 42.
[19] *Id*. at 42-43.
[20] *Id*. at 44.

## Analysis

Shelton argues here that: (1) the ALJ erred in finding that neither Listing 1.02 nor 1.04 was met or equaled;[21] and (2) that the ALJ's decision to discount Shelton's testimony as to the limiting effect of her symptoms was contrary to law.[22] In both instances, the matter is analyzed according to the well-known substantial evidence standard set out in *Buxton v. Halter*.[23]

## **The listings**

I note here again, as set out above, that the ALJ expressly and in detail analyzed whether Shelton had met or equaled either listing now at issue. In so doing, the ALJ reviewed within the opinion various objective medical findings as those findings relate to elements of the listings. Further, as also set forth above, in reaching his conclusion the ALJ relied, among other specified reasons, on the conclusions of two state agency reviewers that Shelton did not meet or equal a listing. The ALJ moreover expressly observed that no treating source opinion contradicted the opinions of the state agency reviewers.

By performing each step of this analysis, as detailed above, the ALJ here tracked the analytical steps taken by the ALJ in *Oliphant o.b.o. Q.O. v. Commissioner*,[24] a case where I concluded that the Commissioner's decision as concerns meeting or equaling a

---

[21] ECF No. 11 at 9-11.

[22] *Id.* at 11-14.

[23] 246 F.3d 762, 772 (6th Cir. 2001).

[24] 2017 WL 4326087 (N.D. Ohio Sept. 27, 2017).

listing was supported by substantial evidence. As I noted in *Blanton v. Commissioner*,[25] it is the claimant's burden, when seeking to show that an impairment is equivalent to the listing, to present medical findings to establish that the impairment is equal in severity to all the criteria for the listed impairment.

Here, the ALJ sufficiently analyzed and explained his conclusion that Shelton did not meet or equal either listing and was justified in relying on that same conclusion by two state agency reviewers, particularly when no treating source had offered an opinion to the contrary.

## Analysis of pain and symptoms

Shelton argues here that the ALJ's analysis of her testimony as to the limiting effects of her pain and her symptoms was flawed because it improperly focused on her ability to do tasks of daily living, not on work related tasks, and because it relied on the absence of a finding of disability by her treating doctors – a finding, Shelton notes, is reserved to the Commissioner.[26]

But, as the Commissioner observes, in addition to giving opinions as to meeting the listings, the two state agency reviewers gave opinions that Shelton was capable of light work with some restrictions.[27] Moreover, in giving these opinions great weight, the ALJ

---

[25] 2016 WL 775296 (N.D. Ohio Feb. 29, 2016).
[26] ECF No. 11 at 12-13.
[27] Tr. at 41.

noted that "there is no objective evidence contradicting those findings…"[28] as well as no contrary opinion from a treating source.[29]

Contrary to Shelton's argument, the ALJ further discussed such relevant evidence to Shelton's claim of debilitating pain as:

1.     no evidence of a neurological disorder such as would give a medical reason for falling;[30]

2.     Shelton's strength was normal and she was not in acute distress;[31]

3.     although she walked with a limp, she also testified she did not always use a cane for mobility;[32]

4.     there is "no evidence that [Shelton's] use of prescribed medication is accompanied by side effects that would interfere significantly with her ability to perform work within the restrictions outline [in the RFC]"; and

5.     Shelton's daily activities are consistent with light work.[33]

As to that final point, while Shelton correctly observes that an ability to take care of personal needs does not necessarily equate to an ability to engage in full-time work,[34] it is

---

[28] *Id.*
[29] *Id.*
[30] *Id.* at 42.
[31] *Id.*
[32] *Id.*
[33] *Id.*
[34] ECF No. 11 at 12 (citing cases).

also true, as the Commissioner points out, that a claimant's ability to perform tasks of daily living is a legitimate factor in assessing that claimant's capacity to perform full-time work.[35]

Here, the ALJ, in the opinion, detailed multiple reasons, set forth above, for concluding that Shelton's symptoms were not so severe as to preclude work as set out in the RFC. As such, the ALJ articulated a reasonable basis for his conclusion not to fully credit Shelton's subjective complaints.[36]

## Conclusion

For the reasons stated, I recommend finding that the decision of the Commissioner to deny benefits to Laura D. Shelton is supported by substantial evidence and so should be affirmed.

II IS SO RECOMMENDED.

Dated: October 28, 2019                                    s/William H. Baughman Jr.
                                                           United States Magistrate Judge

---

[35] ECF No. 13 at 17 (citing cases).
[36] See, *Keeton v. Commissioner of Social Security,* 583 F. App'x 515, 533 (6th Cir. 2014) ("Even if this Court were to find evidence that could support an alternative conclusion, [it] must affirm if the credibility determination is supported by substantial evidence."); *Heston v. Commissioner*, 245 F.3d 528, 536 (6th Cir. 2001) ("The ALJ could properly determine that her subjective complaints were not credible in light of her ability to perform other tasks.").

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[37]

---

[37] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh g denied*, 474 U.S. 1111 (1986).